BLUE MOUNTAIN IRON & STEEL CO. v. PORTNER et al.

(Circuit Court of Appeals, Fourth Circuit. July 12, 1904.)

No. 544.

1. BANKRUPTCY—ADJUDICATION—SUBMISSION OF QUESTIONS.

On the hearing of an involuntary bankruptcy petition, where the appointment of a receiver by the state court was claimed to constitute the act of bankruptcy charged, questions submitted to the jury as to whether on the date the receivers were appointed, and at the date of filing the bankruptcy petition, the aggregate of the property of the alleged bankrupt, at a fair valuation, was sufficient to pay its debts; whether, because of the insolvency of the alleged bankrupt, receivers were put in charge of its property under the state laws; and whether such receivers took charge and possession of the property, and have since so remained—were proper.

2. SAME—RECEIVERS—STATE COURTS—JURISDICTION—COLLUSION.

Where it was claimed that a state court had no jurisdiction to appoint receivers for an alleged bankrupt corporation, for the reason that, prior to the filing of the bill under which the appointment was made, another bill was filed in another court for the same purpose, but it appeared that the prior proceeding was collusive, and that nothing was done or intended to be done therein except to file the bill, such proceeding was ineffective to prevent the appointment of receivers in the subsequent suit constituting an act of bankruptcy.

3. SAME—STATE COURTS—GENERAL JURISDICTION—JUDGMENT—COLLATERAL ATTACK.

The appointment of receivers for a corporation by a state court of general jurisdiction was not subject to collateral attack on the ground that the court did not have jurisdiction of the corporation's person.

4. SAME—JUDICIAL PROCEEDINGS—BEST EVIDENCE—RECORDS.

Where an order of court appointing receivers for a corporation was in writing, parol evidence of the judge who made the order was inadmissible to show the grounds thereof.

5. SAME—ADMISSIBILITY.

On an issue as to whether defendant had committed an act of bankruptcy by reason of the appointment of receivers to administer its assets in a state court, the record was admissible to show the appointment of such receivers, and that they were appointed because of defendants' insolvency.

6. SAME—TEMPORARY RECEIVERS.

Under Bankr. Act 1898, as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410], declaring that the appointment of a receiver for an alleged bankrupt, while insolvent, shall constitute an act of bankruptcy, it was immaterial that receivers appointed for an alleged bankrupt corporation were temporary, and not permanent.

In Error to the District Court of the United States for the District of Maryland.

In Bankruptcy.

Henry C. Terry (Abraham Sharp and Hammond Urner, on the brief), for plaintiff in error.

Bernard Carter and C. Andrade, Jr. (Jacob Rohrback, L. B. Keene Clagett, and J. Kemp Bartlett, on the brief), for defendants in error.

¶ 3. See Corporations, vol. 12, Cent. Dig. § 2241.

Before GOFF, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

PURNELL, District Judge. Upon petition filed by defendant in error, after answer filed thereto, and a jury trial of the issues raised, the plaintiff in error, a corporation, was by the court adjudicated a bankrupt on the 17th day of December, 1903. This writ of error was thereupon granted to the plaintiff in error, and presents for revision the correctness of certain rulings on questions of law made by the judge of the District Court during the trial.

The said petition was filed in the District Court August 3, 1903, averments of which are, in substance: (1) That there is owing to the petitioners by the bankrupt, plaintiff in error here, in the aggregate, more than $1,000; specifying the amount owing to each of petitioners. (2) That the Blue Mountain Iron & Steel Company was on or about May 13th or 12th insolvent, and, because of its insolvency, in a proceeding theretofore instituted against it in the circuit court of Frederick county, Md., by certain named creditors thereof, receivers were appointed by an order of said state circuit court passed on the 15th day of May, 1903, and said receivers put in charge of the property of said company. (3) That the said company belongs to one of the classes named in section 4, subsec. "b" of the bankrupt act, as amended (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410]), wherein it is provided that any corporation engaged principally in mining or mercantile pursuits, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt, and shall be subject to the provisions and entitled to the benefits of the bankrupt act; (4) that the Blue Mountain Iron & Steel Company was then and had been engaged principally in mining at its furnaces at Catocton, Frederick county, Md., and the court has full power to adjudge the said company bankrupt.

After service of process the Blue Mountain Iron & Steel Company answered, denying it had committed the act of bankruptcy alleged, and that it was insolvent; setting up that the receivers were unlawfully appointed without notice.

A replication to the answer was filed, and, the defendant (plaintiff in error here) having demanded a jury trial, a jury was impaneled, and, after hearing the evidence, the court submitted to the jury three issues of fact, and gave in connection therewith certain instructions. The jury by their verdict answered the questions submitted, and the court signed an adjudication of bankruptcy.

After testimony had been offered both in behalf of petitioning creditors and defendants, the following are the questions which were submitted to the jury, and the responses thereto in the verdict:

(1) Whether on the 12th day of May the date of the appointment of Leonard R. Waesch and others as receivers of the Blue Mountain Iron & Steel Company of Baltimore City, by the circuit court of Frederick county, Maryland, sitting in equity in the case of the Maryland Casualty Company et al. v. the said Blue Mountain Iron & Steel Company of Baltimore City, the aggregate of the property of the said Blue Mountain Iron & Steel Company of Baltimore City was, at a fair valuation, sufficient in amount to pay its debts? A. No; it was not.

(2) Whether on the 3d day of August, 1903, the date of the filing of the petition in bankruptcy in these proceedings, the aggregate of the property of said Blue Mountain Iron & Steel Company of Baltimore City was, at a fair valuation, sufficient in amount to pay its debts? A. No: it was not.

(3) Whether, because of insolvency of the Blue Mountain Iron & Steel Company of Baltimore City, Leonard R. Waesch and others, as receivers, on the 12th day of May, 1903, were put in charge of the property of the Blue Mountain Iron & Steel Company of Baltimore City, under the laws of the state of Maryland, and whether said receivers forthwith took charge and possession of said property under said order, and have so remained in charge of said property ever since so taking charge and possession of the same? A. Yes; they were and have so remained.

Thereupon the order adjudicating defendant a bankrupt was entered.

The questions submitted to the jury were proper, under the provisions of Bankr. Act, § 19a (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), and the adjudication followed as a consequence, unless there was error in the trial of the issues, in the instructions, or in the rulings of the court, to which the exceptions point.

In the first assignment of error the plaintiff in error asserts that the circuit court of Frederick county had no jurisdiction to appoint the receivers for the Blue Mountain Steel & Iron Company, because, (1) a few days before the bill was filed under which the appointment was made, another bill was filed by Ernest Sharp in the circuit court of the city of Baltimore; (2) because the principal office of the defendant corporation, as set out in the articles of incorporation, was to be in the city of Baltimore. Answer to this alleges, for reasons stated, that the bill by Ernest Sharp was collusive, and nothing more was done in the suit than the filing of the bill, nor was anything more intended to be done. We do not, for obvious reasons, discuss this question, though the facts stated in the answer, which seem to be well founded, would be a complete answer, and prevent this first suit having any effect on the decision of this court.

The second proposition is an attack on the jurisdiction of a state court of general jurisdiction (Const. Md. art. 4, § 20), and that its action cannot be thus collaterally attacked is well settled. In Grignon v. Astor, 2 How. 319, 11 L. Ed. 283, it was held that it was for the state court to decide upon the existence of facts which gave jurisdiction, and the exercise of the jurisdiction warrants the presumption that the facts which were necessary to be proved were proved. In courts of general jurisdiction, it is presumed that the jurisdiction existed. This case has been cited with approval by the Supreme Court in a great number of cases, notably, Applegate v. Lexington Min. Co., 117 U. S. 269, 6 Sup. Ct. 742, 29 L. Ed. 892; Simmons v. Saul, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054; Evers v. Watson, 156 U. S. 527, 532, 15 Sup. Ct. 430, 39 L. Ed. 520. In this last case the court, in the course of its opinion by Mr. Justice Brown, says:

"Even upon the theory of the plaintiff, to authorize the court to hold the decree in that case void in a collateral proceeding, it was necessary to show beyond any controversy that, upon the record, the court could not have had jurisdiction. This the pleader has failed to do."

Under all the authorities, the presumption is that all the facts necessary to give the state court jurisdiction were presented to that court; and, in the absence of proof beyond controversy to the contrary, which

the plaintiff in error in this case failed to set up, every presumption is in favor of the jurisdiction of the state court.

Pending the trial, defendants below tendered one of the judges of the circuit court of Frederick county, Md., as a witness, who testified that he entered the decree of May 12, 1903, appointing the receivers in the case of The Maryland Casualty Company et al. v. Blue Mountain Iron & Steel Company, and proposed to ask him: (1) "Will you state on what grounds you entered said decree?" and (2) "Did you enter said decree on the ground of insolvency?" To which questions petitioning creditors objected, and the court sustained the objection, to which ruling the defendants below excepted, and their bills of exception were allowed in due form.

No authority is cited to sustain these bills of exception, and it is doubted if any can be cited. It does not require argument to sustain the position that the order appointing the receivers, being in writing, must speak for itself, and no declaration of the judge who signed it can be given as grounds on which he entered the order. Public records can neither be explained nor varied by parol testimony. They are conclusive, speak for themselves, and imply absolute verity. Shankland v. Washington, 5 Pet. 390, 8 L. Ed. 166.

It is a fundamental rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument, unless in cases where contracts are vitiated by fraud or mutual mistake, but this rule is too well understood and recognized to admit of doubt. Northern Assurance Co. v. Grand View Building Ass'n, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213.

Another exception found in the record as having been signed and sealed by the District Judge is in the following bill of exceptions. After stating that, to maintain the issues on their part, the plaintiffs proved by competent witnesses that, after filing in this court the petition praying that the Blue Mountain Iron & Steel Company of Baltimore be adjudged bankrupt, there was due and owing by said defendant to each of said creditors, respectively, the amounts of money alleged to be due, and that no part of said moneys had been paid; and testimony by competent witnesses legally sufficient to prove that on the 12th of May and 3d of August, 1903, the aggregate of the property of the Blue Mountain Iron & Steel Company was not, at a fair valuation, sufficient in amount to pay its debts, to which no exception was taken, it proceeds:

"And the plaintiffs, further to maintain the issues on their part, then offered in evidence the record of the proceedings in the case No. 7,627, in equity, in the circuit court for Frederick county, Maryland, wherein the Maryland Casualty Company and others are complainants, and the Blue Mountain Iron & Steel Company of Baltimore City et al. are defendants, to the admission of which record the defendant objected, but the court overruled said objection, and admitted the record in evidence, to which action of the court the defendant excepted."

The allegations in the petition in bankruptcy are that the Blue Mountain Iron & Steel Company committed an act of bankruptcy on May 13, 1903, while insolvent, and "because of its insolvency," in a proceeding theretofore instituted in the circuit court of Frederick county by the American Casualty Company and other creditors of the Blue Mountain

Iron & Steel Company, receivers were appointed by an order of said court, and that this was an act of bankruptcy, under Act Cong. Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 409], amending the act of Congress of July, 1898.

The defendant corporation denied by its answer that it is insolvent, and alleges the receivers were unlawfully appointed, without notice to respondents, and required proof of the facts alleged in the petition. This made the issue for the trial of which a trial by jury was demanded. The answers of some of the parties—notably, that of Ernest Sharp, who intervened—admitted the insolvency. At all events, the issue was made and submitted in the bankrupt court, and the best evidence of the appointment of the receivers was the record of the proceedings in equity in the court which made the appointment. It was the basis of the issue, and could have been proved in no other way. The record was competent for this purpose, and no authority is cited holding that the best evidence of a proceeding in a court of equity is not the record of the proceeding. Petitioners had proved, as stated in the exceptions, that the company was insolvent, according to the definition of insolvency in the bankrupt act, both on the 12th of May, the date receivers were appointed, and on the 3d of August, the day on which the petition in bankruptcy was filed. Then the question arose, was it on this account the receivers were appointed? The record of the proceedings in court was the best evidence, and there was no error in admitting it. As to the effect of this evidence, that was a question for the jury under the instructions of the court, and the only question presented by this exception is the competency of the evidence. There was no error in admitting this record.

The language of the amendatory act of February, 1903, and the act of bankruptcy alleged in the petition, is "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, or a territory, or of the United States." The essential element in the alleged act of bankruptcy is insolvency. As stated, the petitioning creditors have alleged, and the jury found by the verdict, the defendant corporation was insolvent on the day the receivers were appointed, and on the day the petition in bankruptcy filed. The jury found as a fact that it was "because of insolvency" the receivers were put in charge of the company's property. The record was competent as a link in the evidence on this issue. But it is insisted on the argument and in the brief that the receivers were temporary and not permanent. To hold with this position that the bankrupt act requires permanent receivers to be appointed would be to read into the statute something the lawmaking department, Congress, did not see proper to put there. The language of the statute is has been "put in charge of his [its] property." In the case at bar the receivers were in charge of the property from May to August without anything being done on behalf of the corporation, except to lodge a motion. This did not vacate the order or affect it in any way. It is presumed the courts of equity in Maryland, like most others, are always open, and, at least to have any effect, it should be shown some effort was made to have this motion heard. The facts stated appear in the record, and the appointment of the receivers was in the discretion of the court, which cannot be re-

viewed in this court, if it could have been so reviewed by the state Court of Appeals. The property was in the hands of receivers, and the jury found it was because of insolvency shown to exist at the time said receivers were appointed. The discussion of the distinction between permanent and temporary receivers is therefore, in our opinion, unnecessary.

The other exceptions and assignments of error are to the refusal of the court to give special prayers for instructions to the jury, and are without merit.

Upon a thorough and careful examination of the record, we find no error, and the judgment of the District Court adjudicating the Blue Mountain Iron & Steel Company bankrupt is affirmed.