MOSS NAT. BANK OF SANDUSKY et al. v. AREND.

(Circuit Court of Appeals, Sixth Circuit. June 5, 1906.)

No. 1,516.

BANKRUPTCY—ACT OF BANKRUPTCY—APPOINTMENT OF RECEIVER—SURVIVING PARTNER.

Rev. St. Ohio 1906, § 3167, declares that, when a partner dies, the surviving partner or partners shall make application to the probate court and have an inventory and appraisement of the assets of the partnership and a schedule of its debts and liabilities made, which shall be filed in the probate court. Section 3167 declares that, if the surviving partner neglects to have such appraisement made, the administrator or executor must do so, and section 3169 authorizes the surviving partner to take the interest of the deceased partner at the appraised value, and, if he does not within 30 days from the filing of the inventory and appraisement, the executor or administrator shall apply to a court of competent jurisdiction for a receiver of the partnership to wind up its affairs and dispose of its assets. *Held,* that where, on the death of a member of an insolvent firm, the surviving partner applied for an appraisement, and after it was made elected not to take the deceased partner's interest, whereupon the administrator applied for the appointment of a receiver, the fact that such surviving partner joined in the administrator's application did not constitute an act of bankruptcy on his part.

Appeal from the District Court of the United States for the Northern District of Ohio.

H. L. Peeke, for appellants.
George C. Beis, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This is an appeal from the order and judgment of the court below sustaining exceptions to the report of the special master and refusing to adjudge the appellee a bankrupt. The facts found by the master are as follows:

"(1) For a number of years before August 1, 1903, Charles H. Arend, August H. Arend, and William G. Arend, had been conducting a hardware business at Sandusky, Ohio, as a partnership under the firm name of Arend Bros. On said August 1, 1903, August H. Arend died, and thereafter the business of said Arend Brothers was continued by Charles H. Arend and William G. Arend until August 18, 1904, at which time said Charles H. Arend died, leaving William G. Arend the sole survivor of said partnership. Thereafter said William G. Arend, as such surviving partner, made application under and pursuant to the laws of Ohio to have appraisers appointed to make an inventory of the assets and liabilities of said firm of Arend Bros., and appraisers were appointed, who made a report showing the assets of said firm to be $9,329.75, the liabilities $29,399.95. On September 29, 1904, Arthur C. Arend, administrator of the estate of said Charles H. Arend, deceased, made application to the probate court of Erie county, Ohio, for a receiver to wind up said partnership and dispose of the assets thereof. On the same day said William G. Arend filed in the probate court a paper writing in which he waived the time of thirty days in which to elect whether he would take the interests of the deceased partner and partners of said firm, and elected not to take the interests of said deceased partner and joined in the application of Arthur G. Arend, for the appointment of a receiver. On the 30th day of September, 1904, one, George Arend was appointed receiver for said partnership, and on

the same day duly qualified as such receiver. Said receiver was not appointed because of the insolvency of said Arend Bros. and. Wm. G. Arend, surviving partner, but because said surviving partner failed to elect to take under the statutes of Ohio. On September 29, 1904, and October. 13, 1904, the assets of said firm were $9,329.75, and the liabilities, $29,399.95. The assets of said William G. Arend, individually and as surviving partner, on said September 29, 1904, and October 13, 1904, were insufficient to pay the debts of said partnership."

As conclusions of law from these facts the master found that the firm of Arend Bros. and William G. Arend, as surviving partner, and as an individual, were insolvent, and that the latter, as surviving partner, by joining in the application .for the appointment of a receiver, committed an act of bankruptcy. The court below was unable to concur in these conclusions, and, holding that the surviving partner had not applied for a receiver, declined to adjudge him a bankrupt.

By the amendment of February 5, 1903 (chapter 487, § 2, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683]) to clause 4 of section '3 of chapter 3 of the Bankruptcy Act (Bankr. Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), the following were made acts of bankruptcy:

"Being insolvent, applied for a receiver or trustee for his property, or because of insolvency, a receiver or trustee has been put in charge of his property under the laws of a state, or of a territory, or of the United States."

The application for the appointment of a receiver was made by the administrator of the deceased partner, under the provisions of sections 3167 to 3170, inclusive, of the Revised Statutes of Ohio of 1906, regulating the duties and rights of surviving partners. Under these provisions, when a partner dies, the surviving partner or partners shall make application to the probate court and have an inventory and appraisement of the assets of the partnership and a schedule of its debts and liabilities made, which shall be filed in the probate court. Section 3167. If the surviving partner neglect to have this appraisement made, the administrator or executor must. Section 3167. The surviving partner is given the right, upon certain conditions, to take the interest of the deceased partner at the appraised value, and, if he do not within 30 days from the filing of the inventory and appraisement, the executor or administrator "shall forthwith apply to a court of competent jurisdiction for the appointment of a receiver for said partnership, who shall thereupon proceed to wind up the partnership and dispose of the assets thereof." Section 3169.

On the day of the filing of the inventory and appraisement, the surviving partner filed the following waiver:

"Now comes William G. Arend, surviving partner of Arend Bros., and waives the time of thirty days within which to elect as to whether he will take interests of the deceased partner and partners of said firm, and he hereby elects not to take said interests of said deceased partner and joins in the application of Arthur G. Arend for the appointment by this court of a receiver at this time."

On the next day, because the surviving partner "had neglected or refused to take the interest of the deceased partner in the partnership

assets," the receiver was appointed, upon the application of the administrator, "to wind up said partnership and dispose of the assets thereof."

It is conceded that this was not a case where "because of insolvency a receiver has been put in charge of property," because clearly the receiver was not appointed because of insolvency, but because of the death of a partner and to wind up the partnership. In re Douglass Coal & Coke Co. (D. C.) 131 Fed. 769, 779; Blue Mountain Iron & Steel Co. v. Portner, 65 C. C. A. 295, 131 Fed. 57, 61; In re Spalding (C. C. A.) 139 Fed. 244. But it is submitted that, since the firm and the surviving partner were insolvent and the latter joined in the application, he "being insolvent applied for a receiver or trustee for his property," and therefore committed an act of 'bankruptcy. But, as held by the court below, the surviving partner never really applied for a receiver. He had no power under the Ohio statute to apply for a receiver. He had the option of taking the interest of the deceased partner at the appraisement. He had 30 days in which to exercise this option. He did not want the interest at the appraisement, so he waived the 30 days and immediately declared his intention of not exercising the option. When he had done this, he had exhausted the power conferred upon him by the statute. It then became the positive duty of the administrator to apply for the appointment of a receiver to wind up the business. This duty was discharged and the receiver was appointed on the application of the administrator and for the purpose of winding up the partnership.

Judgment affirmed.

NOTE.—The District Court (per Tayler, District Judge), after stating the facts as found by the special master, said:

"The master found, as his conclusions of law from these facts, that Arend Bros. and William G. Arend, as surviving partner and as an individual, were insolvent on September 29, 1904, and October 13, 1904, and that William G. Arend, as surviving partner of the firm of Arend Bros., by joining in the application for the appointment of a receiver on September 29, 1904, committed an act of bankruptcy. The sole question therefore for the consideration of the court is as to whether the act of William G. Arend, in joining in the application for the appointment of a receiver, constituted an act of bankruptcy. The portion of the bankruptcy law by virtue of which the master came to this conclusion is paragraph 4 of section 3 of chapter 3, in which it is declared that it shall be an act of bankruptcy if the alleged bankrupt shall have 'made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property, or, because of insolvency, a receiver or trustee has been put in charge of his property under the laws of a state or territory, or of the United States.'

"It seems clear to me that the joining, by the alleged bankrupt, in the application for the appointment of a receiver by the probate court for the partnership assets belonging to a firm which has become dissolved on account of the death of one of the partners, is not an act contemplated or described by the provisions of the bankruptcy law which I have just quoted. The proceedings in the probate court were had in consequence of the law of Ohio which provides what shall be done when one member of a partnership dies. That law provides that an appraisement shall be made, and that, if the surviving partner or partners are willing to take the assets of the partnership at the appraisement, and give a satisfactory bond conditioned that the debts of the partnership will be fully paid, the surviving partner or partners may, on payment of the appraised value, take over the property. Now, a failure or refusal by the surviving partner to thus take the assets of the

partnership may be due to one of several different facts. It may be, as in this case, that the assets are not equal to the debts; or it may be that he is not willing to pay for the assets the sum at which they have been appraised; or it may be that the surviving partner, for business or temperamental reasons, or for want of experience, may not care to manage the business, or buy the property at any price. So that the reason for the appointment of a receiver for the partnership assets by the probate courts of Ohio, on the death of one of the partners, is not at all based upon the question of solvency or insolvency; nor can the act of any person, in undertaking to give effect to that law, be construed to be an act of bankruptcy. It is true that, in the case of William G. Arend, the surviving partner joined in the application for the appointment of a receiver; and the master says, in his report, that, if this had not been done by the surviving partner, it is clear that no act of bankruptcy would have been committed. But I am unable to see how this affects the question. I think the master has attached an undue and unjustified importance to this act of the surviving partner. His act did not facilitate, on any ground of alleged insolvency, the appointment of a receiver by the probate court; nor did it change the character of the receivership, or enlarge the reasons for which it could be done. The fact is that the act of William G. Arend was absolutely nugatory, and was wholly unnecessary. It was doubtless done, as often occurs, in order that it might be understood that the orderly procession of legal events in the administration of such an estate was not going to be interfered with by him, and his act, in thus joining in that application, is not to be enlarged in its scope or its consequences by saying that it changed, in any respect, the quality or effect of the proceedings in the probate court in Ohio, whereby a receiver is appointed to take charge of the assets of a partnership where one of the partners dies. If the assets of the concern had been $50,000, and its debts $5,000, and, either because the assets were overvalued, or for some other reason, the surviving partner did not want to take them, and therefore the case became ripe for the appointment of a receiver by the probate court, can it be contended that, if a surviving partner joined with others in asking for the appointment of that kind of a receiver in the probate court, he thereby committed an act of bankruptcy? And yet that is precisely, in principle, what occurred in this case.

"The exceptions to the report of the special master are sustained."