In re BELFAST MESH UNDERWEAR CO.

(District Court, D. Connecticut. April 11, 1907.)

No. 1,714.

BANKRUPTCY—ACTS OF BANKRUPTCY—APPOINTMENT OF RECEIVER.

The appointment of a receiver for a corporation under Pub. Acts Conn. 1903, p. 158, c. 194, § 26, which authorizes proceedings for the dissolution of a corporation and the appointment of a receiver therein on various stated grounds, which do not include insolvency by name, or for other "good and sufficient reason," may constitute an act of bankruptcy under Bankr. Act July 1, 1898, c. 541, § 3a (4) 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683], where the record and findings in the state court show that the appointment was in fact, although not in name, made "because of insolvency."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 80.]

In Bankruptcy. On report of special master.

On September 28, 1906, a petition was filed in the District Court in proper form, asking that respondent corporation be adjudicated a bankrupt. The pleadings therein raised two distinct issues. First. Was said respondent corporation insolvent at the time of the filing of the petition and at the time when it is alleged that it committed an act of bankruptcy? Second. Did the respondent corporation commit an act of bankruptcy, in that on or about the 4th day of August, 1906, a receiver of said corporation was appointed because of its insolvency, which receiver was put in charge of its property under the laws of the state of Connecticut? The matter was referred to Frank B. Munn as a special master to take the evidence and report his findings upon said issues to the court. His report finds upon the first issue that the respondent was insolvent as alleged, and upon the second issue that the respondent committed the act of bankruptcy as alleged. The opinion of the court which follows is based upon the theory that the finding upon the second issue is substantially based upon the record of the state court which was put in evidence before the master, and that the finding of insolvency under the first issue is merely incidental and explanatory.

Charles Phelps, for petitioners.
L. J. Nickerson, for respondents.

PLATT, District Judge (after stating the facts). The only decision in this circuit which offers aid in reaching a conclusion upon the matter under consideration is In re Spalding, 139 Fed. 245, 71 C. C. A. 270. The law of New York under which, in that case, a receiver was appointed to take charge of Spalding's property, did not cover insolvency as a jurisdictional fact. The creditors' petition therein was granted upon other distinct grounds, and insolvency was only brought in incidentally, and could not influence, much less control, the judgment. In New York a corporation could have been proceeded against because of insolvency, but an individual could not.

Under the laws of Connecticut there is no provision for alleging insolvency eo nomine as the cause for obtaining a receivership over the property and affairs of a corporation. Section 26, c. 194, p. 158, Pub. Acts 1903, contains the local law pertaining to receiverships of corporations:

"Sec. 26. Receivership of Corporation. Whenever any corporation having a capital stock has willfully violated its charter or exceeded its powers, or when-

ever there has been any fraud, collusion, or gross mismanagement in the conduct or control of such corporation, or whenever its assets are in danger of waste through attachment, litigation, or otherwise, or such corporation has abandoned its business and has neglected to wind up its affairs and to distribute its assets within a reasonable time, or whenever its stockholders or directors have voted to discontinue its business, or whenever any good and sufficient reason exists for the dissolution of such corporation, any stockholder or stockholders owning not less than one-tenth of its capital stock or, in the case of a corporation not having capital stock, any member of such corporation may apply to the superior court in the county wherein such corporation is located, for the dissolution of such corporation and the appointment of a receiver to wind up its affairs. Such court may, if it finds that sufficient cause exists, appoint one or more receivers to wind up the business of such corporation, and may at any time, for sufficient cause shown, make a decree dissolving such corporation and terminating its corporate existence. Whenever such decree of dissolution is passed, it shall be the duty of the receiver or receivers to cause a certified copy thereof to be filed in the office of the Secretary of the State, and said Secretary shall thereupon record such certified copy in a book kept by him for that purpose. Such court, in every case in which it appoints a receiver, shall by its order limit a time, which shall not be less than four months from the date of such order within which all claims against such corporation shall be presented, and all claims not presented within such time shall be forever barred. When such receivership shall be terminated by the court, the receiver or receivers shall file with the Secretary of the State a certificate similar to the final certificate required of directors in section 34 of this act, and said Secretary shall thereupon record such certificate in a book kept by him for that purpose."

An inspection of section 26 shows that, if the facts of this case do not warrant an adjudication, the beneficent purposes of the bankrupt law can never be extended to a Connecticut corporation, no matter how hopelessly insolvent it may be, if the stockholders owning not less than one-tenth of the capital stock prefer to avoid the embrace of the federal arms. It is true that, upon a proper allegation, the state court might say that insolvency was a "good and sufficient reason," but such an allegation would be subject to the whim or caprice of the stockholders. The practical situation is precisely as above outlined.

The essential part of the record in the state court is as follows:

"Paragraph 3 of the complaint is as follows: 'Said Belfast Mesh Underwear Company, Incorporated, is indebted to various persons and corporations, and said indebtedness is long past due. A large quantity of its finished product in the city of New York has been attached by one of its creditors, and other creditors are threatening to attach its property and machinery, unless their claims are paid immediately and the assets of said Belfast Mesh Underwear Company, the defendant, are in danger of waste through said attachments, and threatened attachments and litigation growing out of the same.'

"Paragraph 4: 'The best interests of the creditors and stockholders of the defendant corporation require dissolution of the Belfast Mesh Underwear Company and the appointment of a receiver forthwith to wind up its affairs.'

"Under these allegations the plaintiff claimed: '(1) The dissolution of the corporation. (2) Appointment of a receiver of said corporation to hold the business and all of the estate and property belonging to said corporation, and with power to dispose of, manage, and apply the same to, and collect all the debts for, the benefit of all parties entitled thereto, and to account for the same to this court as by law provided.' "

And asking such further decree as shall be found necessary by the court.

Section 1044 of the General Statutes, Revision of 1902, provides:

"When any action shall be brought to, or pending in, any court of equitable jurisdiction, in which an application shall be made for the appointment of a receiver, either judge of such court or of the Superior Court, when such court is not actually in session after due notice given may make such order in the premises as the exigencies of the case may require and may from time to time rescind and modify the same.  *  *  *  "

Under section 1044, after due notice, Judge Gager on August 4th found that "the exigencies of the case" required the immediate appointment of a temporary receiver, and, having found paragraphs 3 and 4 of said complaint true, appointed such receiver.

It seems to me that upon this record alone it must be apparent to any reasonable mind that the facts found by that court show that it was "because of insolvency" that the receiver was appointed. The record certainly does not show conclusively that insolvency was not the cause, or one of the causes, which led to the appointment. It may be said to exhibit a prima facie showing of insolvency of sufficient force to put the respondent corporation in this court upon its proofs. If such a rule be adopted, no harm can come to any one hereafter. If applications shall be made to the state courts for receivers in cases where beyond question the corporation is solvent, the record in the state court will undoubtedly proclaim the fact in a convincing way. The situation is so serious that I cannot bring myself to believe that the spirit of the bankruptcy law will permit such a technical construction of section 3, subd. 4, of the bankruptcy act of July 1, 1898 (30 Stat. 546, c. 541 [U. S. Comp. St. 1901, p. 3422]), as the respondents ask for; nor can I believe that the spirit of In re Spalding commands such action, although I am bound to admit that its letter might not unreasonably be so interpreted.

The exceptions to the master's report do not deal with essentials from the viewpoint which I take, and are therefore overruled. The uncriticised portions of the report present enough facts to warrant an adjudication. Let one be entered forthwith.