## In re PICKENS MFG. CO.

(District Court, N. D. Georgia. January 30, 1908.)

1. BANKRUPTCY — ACTS OF BANKRUPT — RECEIVERSHIP UNDER STATE LAWS — "ACT OF BANKRUPTCY."

Georgia Code 1895, § 2716, provides that in case any corporation, not municipal, shall fail to pay at maturity any one or more matured debts, payment of which has been properly demanded of such debtor and by him refused, and shall be insolvent, a court of equity shall have power under a creditor's petition to appoint a receiver, etc. *Held*, that where, in proceedings in a state court for the appointment of a receiver for an alleged insolvent corporation, receivers were appointed by consent of both parties, such proceedings constituted an "act of bankruptcy" within Bankrupt Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1024], declaring that acts of bankruptcy by a person shall consist of having a receiver or trustee put in charge of his property under the laws of the state because of insolvency.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, p. 118; vol. 8, p. 7562.]

2. SAME—INSOLVENCY LAWS—SUSPENSION.

Georgia Insolvent Traders Act 1880–81 (Ga. Code 1895, § 2716 et seq.), providing for the administration of the assets of an insolvent corporation or trader, etc., was superseded by National Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 8.

Effect of national bankruptcy act on state insolvency laws and on assignments for benefit of creditors, see note to Carling v. Seymour Lumber Co., 51 C. C. A. 11.]

3. SAME—INSOLVENCY—HEARING IN BANKRUPTCY PROCEEDINGS.

Bankrupt Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1024], provides that acts of bankruptcy by a person shall consist of his being insolvent and applying for a receiver or trustee for his property, or, because of insolvency, a receiver or trustee has been put in charge of his property under the laws of the state, etc. *Held*, that since, in order to obtain a bankruptcy adjudication on an issue of insolvency, insolvency must be shown at the time the petition was filed, an alleged bankrupt corporation was not concluded by proceedings in a state court in which a receiver was appointed for its property, which was claimed to constitute an act of bankruptcy, but was entitled to a hearing in the bankruptcy proceedings on the question of its solvency at the time the bankruptcy petition was filed.

In Bankruptcy.

Geo. L. Bell & Son and Slaton & Phillips, for petitioning creditors.
A. S. J. Hall and C. W. Smith, for respondent.

NEWMAN, District Judge. This is a petition for involuntary bankruptcy against the Pickens Manufacturing Company, and a denial of insolvency, or that it has committed an act of bankruptcy, on the part of the alleged bankrupt company.

The facts are that a petition was filed in the superior court of Pickens county on December 4, 1907, asking for the appointment of a receiver for the Pickens Manufacturing Company, and that on that day Hon. George F. Gober, judge of the superior court, appointed temporary receivers, and set the case for hearing on December 21st. On December 21st the hearing was continued until December 27th, and on that date permanent receivers were appointed. These receivers are now in charge of the property of the company. As the parties filing the petition in the state court were simply contract creditors, without any lien, so far as appears from the record brought here, the proceeding was necessarily under the Insolvent Traders. Act of Georgia of 1880–81, Code Ga. 1895, § 2716 et seq. That act, so far as material here, is as follows:

"In case any corporation, not municipal, or any trader, or firm of traders, shall fail to pay, at maturity, any one or more matured debts, payment of which has been properly demanded of such debtor, and by him refused, and shall be insolvent, it shall be in the power of a court of equity, under a creditor's petition," etc.

It will be seen that there must be a failure to pay debts at maturity, and the trader must be insolvent, to justify the appointment of receivers under this act. In the petition for receiver in the state court, insolvency was expressly alleged, and the order of the court appointing permanent receivers on December 27th, as recited therein, was made "by consent of plaintiffs and defendant." It is difficult to see how, under the amendment to the Bankruptcy Act of February 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1024], the conclusion can be escaped that what was done in the state court constituted an act of bankruptcy on the part of the Pickens Manufacturing Company. The act as amended in 1903, so far as material here, reads in this way:

"Acts of bankruptcy by a person shall consist of his * * * being insolvent applied for a receiver or trustee for his property, or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States."

Very little question has been raised, by counsel representing the defendant company here, that an act of bankruptcy in this respect has been committed. They claim, however, that under the provisions of the bankruptcy act they are entitled to be heard here on the question of solvency or insolvency, notwithstanding the fact that receivers were appointed on the ground of insolvency, or that insolvency was a necessary ingredient in making the appointment of receivers in the state court.

Counsel for the petitioning creditors claim that insolvency stands adjudicated against the company by the action of the state court and by the company's action in connection with those proceedings, and that it is precluded thereby from a further hearing here. The language of this amendment of 1903 is peculiar in that it provides that "being insolvent, applied for a receiver," etc., and then in the disjunctive "or because of insolvency a receiver or trustee has been put in charge," etc. This lends some point to the argument that where insolvency is found as a fact by the state court, and a receiver appointed on that ground, insolvency is adjudicated and will be assumed here. The practice, however, in the courts, so far as there has been a practice established, seems to allow a hearing here on the question of insolvency, notwithstanding the fact of the commission of an act of bankruptcy, under this amendment.

In Collier on Bankruptcy, p. 57, it is said as to the practice under this amendment:

"Here, perhaps, because the existence of a receivership usually implies insolvency, or, perhaps, because the papers on which it is granted were thought the equivalent of the books and examination called for by section 3d, the usual rule, putting the burden on him who asserts insolvency, was not changed. This new act of bankruptcy being in the fourth subdivision of section 5a, subsections 'c' and 'd' do not apply. Thus, it would seem necessary for petitioning creditors relying on this act of bankruptcy to allege and prove insolvency both at the time of filing and at the time of the commission of the act relied on."

In Blue Mountain Iron & Steel Co. v. Portner, 131 Fed. 57, 65 C. C. A. 295, where the act of bankruptcy was based on the amendment of 1903 referred to, it appears from the report of the case that the bankrupt on demand was allowed a jury trial on the question of insolvency, and also on the question of the commission of the act of bankruptcy. Also, in Re Belfast Mesh Underwear Co. (D. C.) 153 Fed. 224, the case was referred to a special master to find whether the respondent corporation in that case was insolvent at the time of the filing of the petition, and at the time it was alleged to have committed the act of bankruptcy, and also whether it committed the act of bankruptcy.

It is certainly necessary that insolvency should exist at the time of the filing of the petition in bankruptcy. It might well happen, not often perhaps, but sometimes, that a person insolvent at the time the act of bankruptcy was committed might be by a rise in the value of assets, or for other reasons, solvent at the time the petition in bankruptcy is filed, so that even if the action of the state court should conclude the Pickens Manufacturing Company as to its condition at the time the receivers were appointed, it certainly could have no further effect, and prevent them from denying insolvency at the time the petition was filed, and having a hearing on the issue so made.

I have not overlooked the fact that the Georgia insolvent traders act has been held to be suspended by the enactment of the national bankruptcy act of 1898. Judge Speer in the Southern District of Georgia so held in Re Macon Sash Door & Lumber Co. (D. C.) 112 Fed. 323, and his decision on this point was affirmed by the Circuit Court of Appeals on a petition for review, reported as Carling v. Sey-

mour Lumber Co., 113 Fed. 483, 51 C. C. A. 1. The first headnote of the latter case is as follows:

"The Georgia insolvency laws (Code Ga. 1895, c. 4, §§ 2716–2722), providing for the distribution of the assets of insolvents, and authorizing the chancellor to recommend to the creditors of the defendant that they release him from further liability, being in effect a state bankruptcy act, its operation was suspended by the passage of the bankruptcy act of 1898, and proceedings under the former act are void."

This is in line with many decisions to the same effect, indeed, with the uniform ruling on this subject, that is that state insolvency laws are suspended by the passage by Congress of a uniform bankruptcy law. The proceedings, therefore, under this act in the state court would be void; but I do not think this would materially affect the question at issue here, or take from the Pickens Manufacturing Company the right to be heard as to its solvency at the time of the commencement of the bankruptcy proceeding.

My conclusion is that the safer plan, and the proper plan, is to refer the questions made by the answer to the petition in bankruptcy, to a special master, to hear the same, and report his conclusions thereon to the court, and an order may be taken accordingly.