## OLIVER v. CLARKE.

(Circuit Court of Appeals, Fifth Circuit. January 29, 1901.)

No. 895.

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS.
    A federal court is governed by the law of Texas as settled by its court of last resort,—that a deed of land therein expressly reserving a vendor's lien does not vest the legal title in the vendee.[1]

2. RECEIVERS—RIGHT TO SUE.
    A receiver appointed in another state may sue in Texas for land conveyed to him as receiver.

In Error to the Circuit Court of the United States for the Northern District of Texas.

W. L. Williams, for plaintiff in error.
J. Z. Spearing (T. L. Camp, on the brief), for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is a suit at law to recover real estate situated in Dallas, Tex. It was brought in the circuit court on June 17, 1899, by M. C. Clarke, a citizen of the state of Wisconsin, as receiver of the American Savings & Loan Association, against R. C. Ayres, a citizen of the state of Texas. Ayres was the tenant in possession of the real estate sued for. T. J. Oliver, as administrator of the estate of Elsie M. Watts, by leave of the court intervened in the cause and defended it. He intervened as landlord. Rev. St. Tex. 1895, art. 5253. R. C. Ayres filed a written disclaimer of any right or interest in the land sued for. On and before February 9, 1886, H. C. Penniman owned the real estate in question in fee simple. Both parties to the suit claimed under him. On the 9th day of February, 1886, H. C. Penniman conveyed the real estate to A. C. Reeves in consideration of $600 in cash and the promissory note of Reeves, payable to the order of Penniman, for $1,200, due 12 months after date, and bearing 12 per cent. interest from date until paid. The deed contained this provision:

"It is further expressly understood and agreed by and between the parties aforesaid that the vendor's lien is herein retained upon the above-described premises to secure the payment of the above-mentioned note."

---

[1] State laws as rules of decision in federal courts, see notes to 9 C. C. A. 548; 11 C. C. A. 71; 29 C. C. A. 553.

The note referred to was the note for $1,200, the balance of the purchase money. On May 15, 1887, A. C. Reeves conveyed his interest in the lot to Elsie M. Watts. On the 14th of August, 1897, H. C. Penniman executed and delivered another conveyance, for and in consideration of one dollar, whereby he conveyed to M. C. Clarke, receiver of the American Savings & Loan Association, the real estate in question. The purchase-money note for $1,200 executed by A. C. Reeves to H. C. Penniman was, for a valuable consideration, duly indorsed by Penniman to W. H. Gaston, and by subsequent transactions, not material to mention, became the property of the American Building & Loan Association; and by decree of a court of competent jurisdiction the note passed into the possession and ownership of M. C. Clarke, as receiver of the American Savings & Loan Association. The foregoing are the material facts shown by the pleadings and the evidence on the trial in the circuit court. The court instructed the jury to find a verdict for the plaintiff, M. C. Clarke, as receiver; and the defendant, T. J. Oliver, as administrator, duly excepted to the action of the court. The jury returned a verdict for the plaintiff as directed, and from the judgment on that verdict the defendant brings the case to this court on writ of error.

Penniman by his deed to Reeves did not part with the legal title. He expressly retained a vendor's lien to secure the purchase-money note for $1,200. In Texas such deed does not vest the title in the vendee. It confers on the vendee only an equitable interest as purchaser, and the legal title remains in the vendor until the purchase money is paid. Cattle Co. v. Boon, 73 Tex. 548, 555, 11 S. W. 544; Lanier v. Foust, 81 Tex. 186, 189, 16 S. W. 994; Hamblen v. Folts, 70 Tex. 132, 133, 7 S. W. 834; Peters v. Clements, 46 Tex. 114, 122. In deciding what instruments vest the legal title to real estate in Texas, this court is governed by the law as settled by the court of last resort in that state. Herron v. Dater, 120 U. S. 464, 7 Sup. Ct. 620, 30 L. Ed. 748; Murphy v. Packer, 152 U. S. 398, 14 Sup. Ct. 636, 38 L. Ed. 489. The legal title which remained in Penniman after his conveyance to Reeves he finally transferred, released, remised, and quitclaimed to M. C. Clarke, as receiver, on the 14th day of August, 1897, which is before Clarke sued for the lot. The written conveyances showing without contradiction that M. C. Clarke, as receiver, was vested with the legal title to the real estate, and with the right of possession, the court correctly charged the jury to find for the plaintiff.

It is contended (1) that the description of the real estate in the deeds is not sufficient; (2) that a receiver appointed in another state cannot sue in Texas; and (3) that the right of action is barred by the statute of limitations, the defendant having held adversely for the statutory period. None of these contentions is well taken. Taking all the record evidence in connection with the application to borrow money signed by Elsie M. Watts, the lot is sufficiently described to identify it. The receiver is suing, claiming by a conveyance to him as such, and not depending alone on the decree vesting the note and property in him; and there is no evidence of such adverse possession as to make the statute of limitations applicable. The judgment of the circuit court is affirmed.