# LYON *v.* RUSSELL.

BANKRUPTCY; CORPORATIONS; COURTS; ACT OF BANKRUPTCY; FOREIGN
RECEIVERS; PLEADING; EQUITY; PARTIES; APPEAL AND ERROR; COSTS.

1. While the bankruptcy law is paramount and the jurisdiction of the
Federal courts in bankruptcy, when properly invoked, in the ad-
ministration of the affairs of insolvent persons and corporations, is
essentially exclusive, that law does not necessarily deprive a State
court of jurisdiction conferred by a State law to dissolve a local
corporation, even though the reason for exercising such jurisdiction
be the insolvency of such corporation.

2. Nothing in the bankruptcy act prevents the winding up of a defunct
corporation under a State statute and by a State court, where bank-
ruptcy proceedings are not seasonably instituted.

3. The jurisdiction of a State court to appoint a receiver of, and to wind
up, an insolvent corporation as authorized by the State statute, is
not affected by bankruptcy proceedings instituted more than four
months after the appointment of the receiver, in pursuance of the
provisions of the bankruptcy act of July 1, 1898 (30 Stat. at L. 544,
chap. 541, U. S. Comp. Stat. 1901, p. 3418), as amended by the act
of February 5, 1903 (32 Stat. at L. 797, chap. 487, U. S. Comp. Stat.
Supp. 1911, p. 1493), declaring an act of bankruptcy to have been
committed if because of insolvency a receiver has been put in charge
of property under a state statute.

4. This court will recognize the title of a receiver appointed by a court
of the state of the situs of the corporation, to wind up its affairs, to
property within this jurisdiction, where the property was voluntarily
surrendered to him by the corporation, as well as where the corpora-
tion was directed to transfer the property to the receiver by the for-
eign court. (Citing *Jenkins* v. *Purcell,* 29 App. D. C. 209, 9 L.R.A.
(N.S.) 1074, and *Union Sav. Bank* v. *Carnegie Trust Co.* 37 App. D.
C. 548.)

5. New matter in general replication is presented too late where the
replication is filed after hearing and final judgment upon the peti-
tion and answer.

6. Equity will take jurisdiction when a more complete remedy can be had
therein than at law.

7. Attorneys for attaching creditors need not be made parties defendant
to an intervening petition by a claimant of the attached property.

(Citing *American Federation of Labor* v. *Buck's Stove & Range Co.* 33 App. D. C. 83, 32 L.R.A.(N.S.) 748.)

8. Attorneys for attaching creditors who having been made parties defendant, and who join in an appeal to this court from a decree adverse to such creditors, will not, though the suit as to them is directed by this court to be dismissed on the ground that they were unnecessarily made parties, be allowed costs on the appeal, where they appear as counsel for their respective clients.

No. 2598.   Submitted January 7, 1914.   Decided March 2, 1914.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia directing the return to a receiver of certain personal property, part of the estate of an insolvent corporation.          *Modified and affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decree in the supreme court of the District directing the return to appellee, Frederick P. Russell, Receiver of the Towles-Scofield Company, of certain personal property located in the District of Columbia, the same being part of the estate of the Towles-Scofield Company, Inc., a corporation of the state of Virginia, with its principal office in the city of Alexandria, in that state.

The act of June 26, 1908, of the legislature of Virginia (Supplement, Virginia Code, sec. 1105a) provides that whenever the principal purpose for which a corporation was formed has failed, or the management of the corporation has been abandoned by its officers and directors, or when operations under the charter have been suspended for a period of three years, or the corporation has become insolvent, it shall be lawful for the circuit court of the county, or the circuit court of the city, or other court having chancery jurisdiction in the city wherein the principal office of such corporation is located, sitting in chancery, to wind up and dissolve such corporation and make such disposition of its assets as may be just and equitable.   This may be done in a suit brought by the stockholder or stockholders holding at least one fourth of the capital stock of the corporation.

On June 28, 1912, a proceeding was regularly instituted in the corporation court of the city of Alexandria, a court of competent jurisdiction, under the above statute, for the winding up of the said Towles-Scofield Company. In the petition it was averred that the property of the corporation consisted of a patent relating to improvements in flashlight photography, two pending applications relating to the same device, and certain office furniture and machinery. It was further averred that the corporation was insolvent and that by reason thereof the principal purpose for which it was formed had failed; that its operating shop was in the District of Columbia, and that it was impossible to continue its manufacturing, because it had no money to go on with its work, to pay its clerks and workmen, or to pay its debts and rent; that owing to the condition of affairs and the insolvency of the corporation, it was absolutely necessary that a receiver should be appointed to take charge of its property and dispose of the same under the orders of the court, for the benefit of the creditors and stockholders. The petition closed with a prayer for the appointment of a receiver, to the end that the affairs of the corporation might be wound up, the corporation dissolved, and its assets disposed of as might be just and equitable. A receiver was duly appointed, and later he was superseded by the appellee herein.

On June 28, 1912, the predecessor of appellee, with the full consent, approval, and acquiescence of the Towles-Scofield Company, took possession of said personal property located in this District, paid rent on the premises where the same was located, and maintained possession of said property until deprived thereof by the marshal under attachment suits instituted in the municipal court of the District of Columbia in January or February, 1913, by appellant Lyon, represented by appellant Newmyer as attorney, and the National Electrical Supply Company, represented by appellant Sullivan as attorney.

Thereupon, by leave of court, appellee filed his petition herein as receiver, setting forth in proper form the facts above detailed, asserting his claim of title to the property in question, and asking for appropriate relief. Appellant Lyon filed an an-

swer setting up that on February 15, 1913, said corporation was adjudged a bankrupt by the supreme court of the District of Columbia, and, in consequence thereof, he disclaimed any right, title, or interest in the property, and asserted the right of the trustee in bankruptcy thereto. A similar answer was filed by the marshal, and in behalf of the National Electrical Supply Company, Attorneys Newmyer and Sullivan disclaimed any personal interest. Thereupon, on March 21, 1913, in a well-considered opinion, the court ruled in favor of the receiver.

Three days later, on March 24th, the trustee in bankruptcy, by leave of court, filed an intervening petition, setting forth the bankruptcy proceedings and asking that the petition of the receiver be dismissed and that said property be delivered to the trustee. To this intervening petition the receiver filed an answer. The case went to hearing on the pleadings, and on May 9th the court filed another carefully prepared opinion sustaining the receiver. On June 2d, following, a final decree was entered in the cause, and *on that day* there was filed a replication on behalf of the Trustee Swindell.

*Mr. Joseph D. Sullivan, Mr. Alvin L. Newmeyer, Mr. Levi H. David,* and *Mr. Fred S. Swindell* for the appellants.

*Mr. J. K. M. Norton* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

Whilst "the bankruptcy law is paramount and the jurisdiction of the Federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive" (*Re Watts,* 190 U. S. 1, 27, 47 L. ed. 933, 941, 23 Sup. Ct. Rep. 718, 14 Am. Crim. Rep. 48), that law does not necessarily deprive a state court of jurisdiction conferred by a state law to dissolve a local corporation, even though the reason for exercising such jurisdiction be the insolvency of such corporation. *Murphy* v. *Pen-*

*niman,* 105 Md. 452, 121 Am. St. Rep. 583, 66 Atl. 282; *Singer* v. *National Bedstead Mfg. Co.* 65 N. J. Eq. 290, 55 Atl. 868. Where, however, bankruptcy proceedings are seasonably instituted, the winding-up proceedings in the State court are superseded. A general assignment for the benefit of creditors is governed by the same rule, and is voidable only in case bankruptcy proceedings are seasonably instituted. *Randolph* v. *Scruggs,* 190 U. S. 533, 47 L. ed. 1165, 23 Sup. Ct. Rep. 710.

The Virginia statute under which appellee was appointed is not an insolvency law. Its purpose is to provide a speedy method for the winding up of a corporation whose object has failed, or whose management has been abandoned by its officers and directors, or whose operations have been suspended for a period of three years, or which has become insolvent. Of course, if the corporation is to be dissolved, its assets must be distributed, but the real object of the statute is the winding up of the corporation. We have a somewhat similar statute in this jurisdiction. See Code, sec. 767. There is certainly nothing in the bankruptcy act to prevent a State court from exercising such a power where bankruptcy proceedings are not seasonably instituted thereafter.

The bankruptcy act of July 1, 1898, (30 Stat. at L. 544, chap. 541, U. S. Comp. Stat. 1901, p. 3418), as amended by the act of February 5, 1903 (32 Stat. at L. 797, chap. 487, U. S. Comp. Stat. Supp. 1911, p. 1493), declares it to be an act of bankruptcy if, because of insolvency, a receiver or trustee has been put in charge of the personal property of any person under the laws of a State, of a territory, or of the United States. That the Towles-Scofield Company was insolvent when the receiver was appointed in Virginia is plain. Therefore the appointment of the receiver and his taking possession of the assets of the corporation constituted an act of bankruptcy. *Hooks* v. *Aldridge,* 76 C. C. A. 409, 145 Fed. 865; *Re Pickens Mfg. Co.* 158 Fed. 894; *Re Electric Supply Co.* 175 Fed. 612; *Exploration Mercantile Co.* v. *Pacific Hardware & Steel Co.* 101 C. C. A. 39, 177 Fed. 825. Had bankruptcy proceedings been instituted within four months, there can be no doubt that

the corporation could have been adjudged a bankrupt and its property wrested from the receiver for administration in the bankruptcy court. But the creditors elected to lie by and permit the time within which they might have invoked the jurisdiction of the bankruptcy court to elapse. By their failure seasonably to act, the jurisdiction of the State court, rightfully acquired, became fixed, and not subject to interference. *Boese* v. *King,* 108 U. S. 379, 27 L. ed. 760, 2 Sup. Ct. Rep. 765; *Pickens* v. *Roy,* 187 U. S. 180, 47 L. ed. 129, 23 Sup. Ct. Rep. 78; *Randolph* v. *Scruggs,* 190 U. S. 535, 47 L. ed. 1169, 23 Sup. Ct. Rep. 710; *Re Heckman,* 72 C. C. A. 8, 140 Fed. 859; *Re Knight,* 125 Fed. 35.

It is suggested that the title of the receiver to the personal property located in this jurisdiction is not one that should be respected here. Had the Virginia court, in the exercise of its jurisdiction, directed the corporation to transfer this property to its receiver, the courts of this jurisdiction, in the circumstances of this case, would have recognized and protected the title thus acquired. *Oliver* v. *Clarke,* 45 C. C. A. 360, 106 Fed. 402. See also *Great Western Min. & Mfg. Co.* v. *Harris,* 198 U. S. 561, 49 L. ed. 1163, 25 Sup. Ct. Rep. 770. Is the title of the receiver any less secure because the corporation voluntarily surrendered the property to him? We think not. He is not here seeking to obtain title to property within this jurisdiction by reason of his foreign appointment. He is merely attempting to retain a title legally acquired, and no reason has been made to appear why that title should not be respected. *Jenkins* v. *Purcell,* 29 App. D. C. 209, 9 L.R.A.(N.S.) 1074; *Union Sav Bank* v. *Carnegie Trust Co.* 37 App. D. C. 548.

In behalf of the trustee in bankruptcy the point is made that, having filed a general replication to the answer of the receiver, the court erred in accepting as true the averment that the receiver took possession of the property, with the consent, approval, and acquiescence of the corporation. The replication was filed too late. Having gone to hearing upon the original bill, the intervening petition, and the answer thereto, the trustee will not now be permitted to raise a new issue.

Some question is also made as to the right of the appellee to be heard in a court of equity, although no such question was raised below. It is apparent, we think, from the statement of the case, that a more complete remedy may be had in equity than at law, and hence this point is not well taken.

There was no occasion for making the attorneys of the attaching creditors parties defendant, and the suit as to them should be dismissed. *American Federation of Labor* v. *Buck's Stove & Range Co.* 33 App. D. C. 83, 110, 32 L.R.A.(N.S.) 748; *Campbell* v. *Brown,* 2 Woods, 350, Fed. Cas. No. 2,355; *Peck* v. *Chouteau,* 91 Mo. 138, 60 Am. Rep. 236, 3 S. W. 577; *Ford* v. *Williams,* 13 N. Y. 577, 67 Am. Dec. 83. Inasmuch, however, as they have appeared in this court as counsel for their respective clients, no costs will be awarded them.

As modified, the decree will be affirmed, with costs.

*Affirmed.*