LAND, J.
Plaintiffs, alleging themselves to be creditors of defendant Bank & Trust Company, attached on October 16 and 17, 1922, certain real estate in the city of Monroe, La., as the property of said defendant. Charles McKee, Bank Commissioner of the State of Arkansas, intervened in each of these suits, and, alleging his ownership as commissioner of said property and the illegality of the seizures, prayed that:
“He be declared the owner; that the writ's of attachment be dissolved, and that said property be delivered to Mm, to be administered and disposed of in accordance with law.”
’ Plaintiffs in each suit tendered an exception of no right or cause of action to intervener’s petition, and, reserving their rights under said exceptions, answered, denying that intervener is the owner of the property, and alleging it to be the property of defendant bank. Plaintiffs deny in said answers that intervener has ever had in his possession said property. They deny also the authority on the part of said Bank Commissioner to administer said real property, and specially aver that he is without authority to convert the same into cash and remove it from the state of Louisiana, without satisfying local creditors.
The property seized, as recited, in recorded deed of date June 21, 1922, was “sold, conveyed and delivered unto Charles McKee, State Banking Commissioner of Arkansas, represented herein by H. F. Grigsby, Deputy State Banking Commissioner, who is here present, accepting this act of sale on behalf of the said McKee.”
The property was purchased from the Riverside Realty Company, a Louisiana corporation, with «its domicile at Monroe, La., under a decree of the chancery court of Union county, Ark., authorizing and directing said.Bank Commissioner and his acting deputy, H. F. Grigsby, to acquire said property, and to surrender certain notes, as a consideration for same, held among the assets of the Guaranty Bank & Trust Company a banking corporation engaged in business at El Dorado, Ark. This company had failed, and its affairs had been taken over on February 24, 1922, by Charles McKee, State Bank Commissioner, as provided by the laws of that state.
On March 10, 1922, upon report filed by said Bank Commissioner, stating that the Guaranty Bank & Trust Company ’ was insolvent, and that he had taken charge of its affairs, accompanied with inventory of its assets and statement of its liabilities, the chancery court of Union county, Ark., rendered the following decree: •
“That said ■ Charles McKee, as State Bank Commissioner for the state of Arkansas, and his deputies, be and they are hereby ordered and directed to take charge of and preserve the assets of said bank, and to collect and liquidate the same as provided by law; to dis *418 burse the proceeds thereof from time to time according to law.”
At the June term, the chancery court of Union county entered the following order:
“Said McKee, as Bank Commissioner, be and he is hereby authorized and directed to accept said proposition, and to take deed to said property vesting title in him as such commissioner to all of said above described real estate.” Transcript, p. 60.
Under and by virtue of these proceedings and decrees, and in accordance with section 719 of the banking laws of the stale of Arkansas (Crawford & Moses’ Dig. § 719), said commissioner became — ■
“forthwith vested at law and in equity with the sole, exclusive and unconditional ownership and title in himself, his successor in office and assigns, of all the property and assets of said bank.”
Able counsel for plaintiffs contend, however, that a receiver appointed by the courts of a foreign state has no power, authority, or official status beyond the territorial limits Of the state of his appointment.
If this contention be well founded, the decree of the chancery court of Arkansas could not have clothed the Bank Commissioner of Arkansas with the authority to purchase this property for the defendant insolvent bank; yet plaintiffs’ counsel contend in this case that said bank acquired this property, by virtue of the purchase made by said commissioner.
This argument is destructive of the very rights claimed by plaintiffs in this case.
If the commissioner were depending in this case solely on the decree of the chancery court of Arkansas as vesting title to the property in him, the authorities cited by counsel for plaintiff might be appropriate and convincing. But the commissioner is suing here under a claim of title arising from a special act of conveyance made to him in the state of Bouisiana, of property located within the state, and is not relying solely on the decree of the court of chancery of Arkansas as the source and muniment of his title. That a receiver appointed in another state may sue in this state for land conveyed to him here as receiver seems to be settled. Oliver v. Clarke (Circuit Court of Appeals, Fifth Circuit) 106 Fed. 402, 45 C. C. A. 360.
In the case above cited a Wisconsin receiver instituted a suit to recover real estate situated in Dallas, Tex. It was contended in that case that a receiver appointed in another state could not sue in Texas. In disposing of this point, the court held that this contention was not well taken as—
“The receiver is suing, claiming by a conveyance to Mm as such, and not depending alone on the decree vesting the note and property in him.”
Plaintiffs in their answers admit that among the assets of the Guaranty Bank & Trust Company surrendered at the time of the insolvency were the particular notes which intervener alleged that he gave in consideration for the real estate, and admitted also that said notes were legallyheld by said Guaranty Bank & Trust Company.
Under this state of facts, it is clear that the Bank Commissioner of Arkansas acquired this property as trustee for the benefit of all of the creditors and stockholders of the insolvent bank, and as the sale was made to him as Commissioner of Banks, the legal title to this property became vested in him as such. It would be highly inequitable, therefore, to permit a handful of local creditors to appropriate this property to the payment of their debts to the prejudice of all the other creditors.
We are not dealing here with the property of a nonresident insolvent, in existence within the state at the date of the insolvency, and attached here by local creditors, prior to the appointment of a receiver.
It must be conceded in such a case that the lien acquired by local creditors on such property by attachment could not be de *420 stroyed by the subsequent appointment of a receiver. We are dealing, however, with a special estate, created during the administration of a foreign receiver, by virtue of a special act of sale to him of property situated here, and paid for with a special trust fund, an estate acquired by the foreign receiver for the benefit of all of the creditors and stockholders of an insolvent, nonresident corporation.
The title to such special estate does not •emanate from the laws of Arkansas or from any decree of a competent court of that •state, but it has its independent origin in an ■act of sale made by a Louisiana corporation, domiciled here, of property located within .the state.
We, therefore, see no just reason why the foreign receiver, under such circumstances, should not be permitted to have the possession of the property attached restored to him, through the ancillary aid and jurisdiction of our courts, which he may invoke ■as a matter of comity, even if he be without .authority to do so as a matter of law or as a matter of right. The judgment of the lower court decreed the State Bank Commissioner of Arkansas, the intervener, the •owner of the property seized under writs ■of attachment in these cases, dissolved said writs, and ordered said property restored to him. The judgment also dismissed the ■demands of plaintiffs against the defendant, ■Guaranty Bank '& Trust Company, without prejudice to the right of plaintiffs, and of ■each of them, to institute other suits in this ■or other jurisdictions on the debts sued for.
The judgment, however, fails to reserve the right of intervener to sue for damages, although this right was specially prayed for in the petition of intervention.
Intervener has filed in this court an answer to the appeal, praying for an amendment of the judgment appealed from, so as to reserve to him the right to sue for damages for the illegal seizure and detention of the property involved in this litigation.
We see no reason why the judgment in this case should not be amended as prayed for.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to reserve to the intervener the right to sue for damages for the illegal seizure of the property in these suits, and it is now ordered that said judgment, as amended, be affirmed; intervener to pay costs of appeal.
O’NIELL, C.’ L, sees no reason for amending the decree, but otherwise concurs.