FARM & HOME SAVING & LOAN ASSOCIATION v. MRS. VELMA BREEDING ET AL.

No. 7066.   Decided April 20, 1938.
Rehearing overruled June 1, 1938.
(115 S. W., 2d Series, 615.)

*Smith & Eplen,* of Abilene, *Greenwood, Moody & Robertson,* of Austin, for plaintiff in error.

It was error for the Court of Civil Appeals to refuse to declare that under the law the ancillary receiver was clothed with all authority necessary to the exercise of the power of sale in the deed of trust over the lot in Texas in controversy. 36 Tex. Jur. 290; Texas & Pac. Ry. Co. v. Gay, 86 Texas 571; International & G. N. Ry. Co. v. Smith County, 65 Texas 21.

*Scarborough & Fly* and *Edmund C. Yates,* all of Abilene, for defendants in error.

The evidence having shown that the plaintiff was a corporation with its domicile in the State of Missouri and that the note in question was payable in Missouri, and there being no evidence that the ancillary receiver in Texas ever had custody of the note secured by the deed of trust, the said ancillary receiver was entirely without power or authority to make an appointment of a substitute trustee under this deed of trust. Houston & T. C. Ry. Co. v. Bremond, 66 Texas 159; Michael v. Crawford, 108 Texas 352, 193 S. W. 1070; Perkins v. Sterne, 23 Texas 561.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The view we take of one question disposes of this case, and makes it unnecessary to consider other questions.

Plaintiff in error, Farm & Home Savings & Loan Association of Missouri, is a Missouri corporation, and its principal place of business was and is in that State. It will be referred to as plaintiff. On June 6, 1932, it was owner of certain notes secured by deed of trust lien on lands in Taylor County, Texas. A part of the indebtedness evidenced by these notes represented purchase money. Defendants in error, Mrs. Velma Breeding and her husband Ennis R. Breeding, were grantees in a conveyance of said land, holding same subject to the deed of trust lien. Mrs. Breeding had assumed said indebtedness. They will be referred to as defendants. On the date mentioned, plaintiff with its Missouri properties, was placed in receivership by the Circuit Court of Vernon County, Missouri. George W. Wagner was appointed receiver in that State. At that time default had been made by defendants in the payment of the indebtedness secured by the lien, and it became necessary to enforce the provisions of the deed of trust.

On June 7, 1932, the District Court of Travis County, Texas, upon petition of the Missouri receiver, appointed R. E. Stevenson of Travis County ancillary receiver in Texas "of the business, property and affairs of the Farm & Home Savings & Loan Association of Missouri," within this State. Among other things he was given power, under the control and orders of the court, to "collect, compound for, and compromise demands." In fact, he was given all powers conferred by Article 2297 of the Revised Statutes of 1925.

The deed of trust in question named Lee B. Ewing as trustee, but provided that in the event he should fail or refuse to act, then the "Association, its successors or assigns" were to have full power and authority to appoint a substitute trustee, who should be vested with all of the duties, powers and obligations conferred on the original trustee. On March 6, 1933, Lee B. Ewing executed under oath a declaration that he refused to act under the deed of trust. On March 13, 1933, R. E. Stevenson, the duly qualified and acting receiver in Texas, by instrument in writing, duly acknowledged, and containing recitals of the resignation and refusal of Ewing to act, appointed C. W. Gill of Taylor County, Texas, substitute trustee. Said instrument further recited that default had been made in payment of the indebtedness, and declared the whole of same due and payable, according to the provisions of the deed of trust. On July 12, 1933, C. W. Gill, as substitute trustee, after due notice and in

compliance with the terms of the trust instrument, made sale of the lands covered by the lien of the deed of trust and plaintiff became the purchaser of same. No question is raised as to the regularity of the sale.

The present suit was instituted by plaintiff against defendants to recover title and possession of the lands acquired by it under said trustee sale. The first count was in trespass to try title. It is apparent of course that if said deed was valid, plaintiff was entitled to recover under that count. The trial court rendered judgment in favor of plaintiff for title and possession of the lands in question, and also judgment in its favor and against Ennis R. Breeding alone for $135.00, as past due rentals. The judgment of the trial court was reversed and remanded by the Court of Civil Appeals. Upon the question here involved that court held that the attempted sale by Gill as substitute trustee was void, because the Texas receiver was without authority and power to appoint a substitute trustee. 90 S. W. (2d) 272. Upon this point we disagree with the Court of Civil Appeals, and as we are of the opinion that the deed was valid it becomes unnecessary to consider other questions.

**1, 2** We do not think it necessary to discuss the question of the powers usually exercised by a receiver, or the title which he may be said to hold to property by virtue of his appointment. The question is really one as to what a court may do with property placed by it in receivership. In the case of Russell v. Texas & Pac. Ry. Co., 68 Texas 646, 5 S. W. 686, the court said:

"It is not a question whether the receiver has title, but whether the court has power to pass the title of the person or corporation whose estate is placed in the hands of a receiver by sale made by him under its orders. The debtor whose property is attached or otherwise placed *in custodia legis,* need not to make an assignment to enable a court, through its ministerial officer, to make a sale that will pass the title, when the property is charged with a lien before, or by the act of seizure. A receiver is but the officer of the court that appoints him, and the property placed in his possession is regarded as being *in custodia legis.*"

**3** Undoubtedly the indebtedness held by the Farm & Home Savings & Loan Association secured by liens upon lands in Texas constituted "the business, property and affairs" in Texas of said Association. It is also undoubtedly true that upon appointment of Stevenson as receiver by the District Court of Travis County, all of such "business, property and affairs" was placed

*in custodia legis.* Admittedly the receiver in Missouri could not enforce liens by deed of trust sales in Texas of lands in Texas. A receiver in Texas became absolutely necessary. The fact that he was designated an ancillary receiver did not make him any less a primary receiver so far as Texas business and properties were concerned. Upon the court in Texas rested the duty of preserving and administering the estate situated within this State, and upon it rested the duty of collecting demands enforceable within this State. The power to collect included every power necessary to be exercised in making the collection and enforcing the lien. The contract right to sell under the deed of trust was a valuable property right which the court was required to preserve. It could not be preserved except by appointment of a substitute trustee, as the original trustee had refused to act, and had resigned. The corporation and its officers were for the time being incapacitated to act. It is admitted that a court will not permit a trust to fail for lack of some one to enforce the powers therein given. This necessarily means that in case of receivership the court, through its ministerial officers, may make appointment of a substitute trustee when necessary to enforce collection of demands in the manner provided by contract. If the court by direct order had appointed a substitute trustee, no question could be raised as to his right and power to act. Looking through form to substance, it can be confidently said that, in legal effect, this is exactly what was done. The order of the court conferring power upon the receiver to collect the demand necessarily included the power to name the trustee to make the sale, and as the receiver was the arm or instrumentality of the court, the substitute trustee was likewise the ministerial officer of the court for the particular purpose designated. In light of subsequent proceedings it becomes wholly immaterial that an order directing and empowering the receiver to name a substitute trustee (if such had been necessary) was not entered in advance of such appointment. In re Wilson's Estate, 252 Pa. 372, 97 Atl. 454, and authorities cited. In the order and judgment of the court approving final report of the receiver, which among other things recited the action of the receiver in making sales of Texas properties under foreclosure of deeds of trusts, there is the following decree:

"That all and every act of said Ancillary Receiver, R. E. Stevenson, in appointing substitute trustees under Deeds of Trust Securing notes held by said receivership and by the Farm and Home Savings and Loan Association of Missouri, and in foreclosing the liens secured and fixed by such Deeds of Truts, and

in taking title to the property securing such loans, be and the same are hereby in all things approved, confirmed and validated."

Aside from the probability that the question of the validity of the sale may be res adjudicata, which we do not decide, it is our opinion that the approval and ratification by the court of the appointment of the substitute trustee, and the approval and ratification of his action in making the sale, is to be given the same effect as if the court by direct order had named the substitute trustee in the first instance. In re Wilson's Estate, supra, and authorities there cited.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court April 20, 1938.

Rehearing overruled June 1, 1938.